IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION

| | |
|---|---|
| TODD HEARD,  Plaintiff,  vs.  JOHN DOES, 1-3; BRYAN BEY, FRED MOORE,  Defendants. | 4:22-cv-00113-SMR-WPK  REPORT AND RECOMMENDATION RE: DEFAULT JUDGMENT DAMAGES |

Plaintiff, Todd Allen Heard, seeks an Order of Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Bryan Bey and Fred Moore (Application). ECF 61. Plaintiff and both Defendants are currently incarcerated in the Iowa Department of Corrections. The case is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). ECF 63. The Court held an evidentiary hearing related to Plaintiff's Application on August 22, 2024, and considers the matter fully submitted. ECF 65. Plaintiff appeared telephonically from Fort Iowa State Penitentiary. Fred Moore appeared telephonically from Anamosa State Penitentiary. Bryan Bey appeared telephonically from Iowa State Penitentiary.

I. **Introduction**.

For the reasons stated below the Court concludes, as to Defendant Bryan Bey, there is enough evidence to establish default liability in the amount of $3,000.00. As to Defendant Fred Moore, there is not enough evidence to establish liability as requested by Plaintiff, and the Court only awards nominal damages. The Court accordingly recommends that Default Judgment be

entered as to Defendant Bryan Bey in the amount of $3,000.00, and that Default Judgment be entered as to Defendant Fred Moore in the amount of $0.00.

This case started off as a complaint under 42 U.S.C. § 1983 with Plaintiff suing employees of the Iowa Department of Corrections (IDOC). *See* Second Amended Complaint, ECF 24. Heard alleged Defendants Bey and Moore assaulted him (Count 1), and that Defendants employed or previously employed by IDOC retaliated against him after he engaged in protected activities under the First Amendment. (Count 2). *Id*. at 7, 9. Chief Judge Stephanie Rose granted the state employee Defendants' Motion for Summary Judgment based on exhaustion. ECF 44. The claim brought by Plaintiff against the IDOC Defendants was dismissed. ECF 59. Plaintiff was directed to file a report with the Court stating the status of the remaining Defendants, including whether he seeks to voluntarily dismiss any Defendant, whether further proceedings must be held before the Court may enter final judgment against all Defendants, or whether the Court should decline to exercise supplemental jurisdiction over the remaining defendants. *Id*. at 16. Plaintiff filed his report asking the Court to exercise its discretionary supplemental jurisdiction over his default judgment against Bey and Moore. ECF 60.

II.     **Supplemental jurisdiction**.

With the Federal law claims dismissed, there now only remains Plaintiff's default state law claims for assault and battery against his two fellow inmates. Jurisdiction exists here pursuant to 28 U.S.C. § 1343(a)(3). Except for specifically excluded claims, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). If the district court has dismissed all claims over which it had original jurisdiction, the district court may decline to

exercise supplemental jurisdiction. 28 U.S.C. § 1367(c)(3); *see also Crest Constr. II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (holding decision whether to exercise supplemental jurisdiction "'after dismissing every claim over which it had original jurisdiction is purely discretionary.'") (quoting *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009)).

Where all federal claims have been dismissed on a motion for summary judgment, the Court should weigh its decision to exercise supplemental jurisdiction over state-law claims based on factors of judicial economy, convenience, fairness, and comity. In most cases, the balance of these factors "'will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Starkey v. Amber Enters.*, 987 F.3d 758, 765 (8th Cir. 2021) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988)). Plaintiff argues these factors favor an exercise of discretionary supplemental jurisdiction over his default against Bey and Moore.

Plaintiff's lawsuit was filed March 31, 2022. He requested a prove-up hearing for damages. Such hearings will not be factually complex or involve unsettled areas of state law. *See Krambeck v. Children and Families of Iowa, Inc.*, 451 F. Supp. 2d 1037, 1042 (S.D. Iowa 2006); *Glandon v. Keokuk County Health Ctr.*, 408 F.Supp.2d 759 (S.D. Iowa 2005) (finding court retained jurisdiction over state law claim following ruling on summary judgment motion, where state claims were straightforward and the underlying law well-established). It is true that the federal claims were disposed of at the motion for summary judgment stage and now only the state-law assault and battery damage claims remain, but what remains is a simple hearing on damages. Plaintiff would have to start the service and litigation process over from scratch and he has limited means and resources to start another suit. The default has been in place since September 30, 2022. The Court finds that the balance of "judicial economy, convenience, fairness, and comity" factors in *Carnegie–Mellon*, 484 U.S. at 350, mitigate in favor of retaining jurisdiction based on the

progress of the case in this Court, both procedurally, substantively, and temporally. I recommend that the Court exercise discretion and retain for final disposition.

### III. Default Damages.

Chief Judge Rose referred this case to the undersigned Magistrate Judge for an evidentiary hearing regarding Plaintiff's Application for Default Judgment. ECF 63. Pursuant to Federal Rule of Civil Procedure 55(a), "When a party against who a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Plaintiff requested the Clerk of Court enter default status against Defendants Bey and Moore on September 30, 2022. The Court granted Plaintiff's request on February 22, 2023, and the Clerk entered default against Defendants Bey and Moore on February 23, 2023. ECF 25. Since then, Defendant Bey and Defendant Moore have both requested the Court assist them in finding an attorney to represent them. Bey did not complete the financial forms as ordered by this Court by July 31, 2023. ECF 31 and 42. Moore filed an Application for Leave to Proceed in Forma Pauperis and provided financial information. An attorney was not found to represent Moore. To date, Defendants Bey and Moore remain without counsel, remain in default as to the cause of action against them, and have failed to plead or otherwise defend.

On April 11, 2024, pursuant to Federal Rule of Civil Procedure 55(b), Plaintiff filed an Application for Default Judgment against Bey and Moore. ECF 61. Under Federal Rule of Civil Procedure 55(b)(2), after the Clerk has entered a party's default, the "court may conduct hearings or make referrals…when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

The Court held a reported telephonic hearing on Plaintiff's Application on August 22, 2024, and gave notice of said hearing on July 29, 2024. ECF 64. At the August 22, 2024 hearing, the Court heard testimony from Plaintiff, Defendant Bey, and Defendant Moore regarding the allegations against Bey and Moore as well as the damages suffered by Plaintiff. Plaintiff requested $30,000.00 in compensation for his injuries. Plaintiff asked the Court to take notice of the complaint which is uncontested as to these two Defendants as well as the photos of Plaintiff following the attack which are part of the record as exhibits with the summary judgment pleadings. ECF 52-1.

The remaining claim in Plaintiff's Second Amended Complaint alleges "Assault and Battery" against Defendant Bey and Defendant Moore. ECF 24. The Complaint states as a result of Bey and Moore's acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages. ECF 24, at ¶ 52. To prove the claim of battery, here Plaintiff must prove all of the following propositions: (1) Defendants attacked the plaintiff with a shank;[1] (2) the act was done with the intent to cause physical pain or injury; (3) Defendants' act resulted in physical pain or injury; (4) Defendants' act was a cause of Plaintiff's damage; and (5) the amount of damage. Iowa Model Jury Instructions (Civil) at 1900.3. If the plaintiff has failed to prove any of these propositions, the plaintiff is not entitled to damages. If the plaintiff has proved all of these propositions, the plaintiff is entitled to damages in some amount. *Id*. In this case a default was entered against both Defendants in Count I.

According to the allegations and testimony by Plaintiff, Defendants Bey and Moore were friends and Bey had a reputation at the Iowa State Penitentiary of assaulting people on behalf of other people. On December 18, 2020, Plaintiff testified he was unexpectedly slashed and stabbed

---

[1] From the record the shank appears to be a razor blade attached to a plastic toothbrush.

by Bey while he was drying off with a towel in the back of his cell. Plaintiff heard through people he knew at the prison that Moore was the one who sent Bey to harm him. Bey freely admits he attacked Plaintiff.

In fact, after being placed under oath, Bey testified that he assaulted Plaintiff because Plaintiff had allegedly raped an elderly woman and forced her husband to watch while Plaintiff was on escape from the prison. He further testified that that Plaintiff's actions regarding the rape were "disgusting" and that he "cannot stand the asshole." Bey further testified that Moore had no idea that this attack happened at all.

At the hearing, Defendant Moore did not admit any involvement in the fight between Plaintiff and Bey. The prison investigation concluded the motive behind Bey's attack "remains unknown." ECF 52, at 26. The Court could not find any credible evidence that tied Moore to Bey's attack on Heard.

In addition to the testimony regarding his mental pain and suffering, Plaintiff asked the Court to take judicial notice of the photos of Plaintiff following the attack. The pictures provided show that both Bey and Plaintiff were cut, bloodied, and required stitches. *See* ECF 52-1, at 27-30. Plaintiff testified that he was hospitalized because of his injuries that day, but he also testified to mental pain and suffering since the attack. For example, Plaintiff talked about how he now suffers from anxiety and has a difficult time sleeping at night.

Plaintiff's claims are for pain and suffering, both to the time of trial and in the future. Plaintiff argues that he has physical pain and suffering from the blows inflicted by Bey as well as the slashing cuts. He had wounds to his head, face, and neck area. He also had cuts on his legs and hands. He testified that his wounds were painful, that he had stitches, and that there was a burning sensation. Plaintiff further testified to the mental pain and suffering that he has been experiencing

since this assault. He testified that he experiences anxiety and panic attacks. He talked about being hypervigilant and that he has trouble with sleep. Plaintiff spoke of nightmares which he attributes to this assault, asserting this is his ongoing mental pain and suffering and this will continue into the foreseeable future. Bey argued that Plaintiff only got cut once and then picked up the razor and cut Bey multiple times.

After a thorough review of the record and in accordance with the standards of review the Court must follow, this U.S. Magistrate Judge concludes there is not enough evidence to establish an award of damages to the extent requested by Plaintiff. He did testify to pain and suffering in the past and what he is going through now. Plaintiff did not provide other witnesses, hospital/medical records, expert medical opinions, psychiatric records, or bills to determine actual damages to support his claims. The Court is left with Plaintiff's testimony along with a few photos of the injuries sustained because of the attack. Accordingly, Plaintiff has failed to carry his burden in proving entitlement to damages as he requested. He also failed to submit any evidence as to how his damages were calculated. Understandably, this assault took place in a prison so much of the typical evidence is missing. The picture evidence does show an altercation took place and Plaintiff did have identifiable injuries. He sued and obtained a default against the alleged attackers. He also testified to mental pain and suffering which included mental anguish from the attack in his cell. Bey was not supposed to be in Plaintiff's cell and testified he had a reason for attacking Plaintiff. The Court finds that $1,000 is appropriate compensation for Plaintiff's physical pain and suffering and bodily suffering or discomfort from Bey's attack.

The Court does find by a preponderance of clear, convincing, and satisfactory evidence the conduct of Defendant Bey in using a shank to slash Plaintiff constituted willful and wanton disregard for the rights or safety of Plaintiff. The conduct of Bey was directed specifically at

Plaintiff. The Court finds that the amount of punitive damages which will punish and discourage like conduct by Defendant Bey is $1,000.

On the issue of future pain and suffering, it is often the case that a showing of reasonable medical certainty is a predicate for recovery of future damages. *Wilber v. Owens Corning Fiberglas Corp.*, 476 N.W.2d 74, 77 (Iowa 1991); *BeBurkarte v. Louvar*, 393 N.W.2d 131, 140 (Iowa 1986). "However, 'when pain is suffered right up to the time of trial and there is evidence plaintiff has not fully recovered, future pain and suffering may be submitted ... without medical testimony.'" *Id*. Again, this element is incapable of pecuniary measurement by witnesses and must be left to the sound judgment of the factfinder based on the evidence. *Holmquist v. Volkswagen of Am., Inc.*, 261 N.W.2d 516, 525-27 (Iowa Ct. App. 1977). Sometimes, future pain and suffering may be inferred from the nature of the injury alone. *Kaltenheuser v. Sesker*, 225 Iowa 110, 118, 121 N.W.2d 672, 677 (1963).

In this case, the Court cannot find whether Plaintiff's additional pain and suffering as a result of the battery of December 18, 2020, is permanent, or just the result of being in prison. That is, it cannot find that the situation with his ongoing mental pain and suffering will be worse because of the battery up until the time that he dies. On the basis of the record as a whole, including Plaintiff's testimony, the Court can find that his emotional pain and suffering will continue for at least some time into the future. Therefore, the Court is required to reduce any future damages to their present value. The Court concludes that the present value of Plaintiff's additional pain and suffering in the future is $1,000. As it relates to Defendant Bey, this U.S. Magistrate Judge concludes there is sufficient evidence to establish default liability and enter judgment against him in the amount of $3,000.00.

Based on the default, the Court did not take into consideration any reduction of damages due to Plaintiff's fault. If Plaintiff has failed to prove any item of damage, or has failed to prove that any item of damage was caused by Defendants, a zero was entered in that section.

| | |
|---|---|
| 1. Past medical expenses | $ __0____ |
| 2. Future medical expenses | $ __0____ |
| 3. Past pain and suffering | $ _1,000___ |
| 4. Future pain and suffering | $ _1,000___ |
| 5. Punitive Damages | $ _1,000___ |

TOTAL **$ 3,000____**

Even if Plaintiff's factual allegations establish liability, he must still prove damages by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001). The next issue is the calculation for the amount Defendant Moore is liable for in this attack. Plaintiff's beliefs, without more, are insufficient to conclude Moore's actions were driving Defendant Bey's assault. The Court finds that on this record, Plaintiff's beliefs ultimately are his personal suspicions and speculations that Moore used Bey to attack him. There is no credible evidence presented on this record that Moore had anything to do with this attack or Plaintiff's injuries. Bey admitted he did it and Moore had nothing to do with it. Moore denied involvement. Based on criminal history and motives, credibility is an issue in this case with all three witnesses.

As it relates to Defendant Moore, this U.S. Magistrate Judge concludes there is sufficient evidence to establish default liability but enters judgment against him in the amount of $0.00. Accordingly, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court recommends default

judgment be entered in favor of Plaintiff and against Defendant Bey and Defendant Moore as set forth in this Order.

IT IS THEREFORE RECOMMENDED:

Damages be awarded to Plaintiff for: (1) physical and mental pain and suffering from the time of the injury to the time of trial in the amount of $1,000; (2) the present value of physical and mental pain and suffering in the future in the amount of $1,000; and (3) punitive damages in the amount of $1,000. Judgment is awarded to Plaintiff Heard and against Defendant Bey in the total amount of $3,000.00, to bear interest at the statutory rate from the date of judgment. The costs of this action related to Count 1 are taxed to Defendant Bey. Defendant Moore is also found to be in default. However, because there is not sufficient evidence in the record to show he was involved in Plaintiff's assault, no monetary damages are warranted. Judgment is entered against Moore in the amount of $0.00.

IT IS ORDERED that the parties have until 14 days from the filing of this Report and Recommendation to file any written objections to it, pursuant to 28 U.S.C. § 636(b)(1). *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990). Any objections filed must set forth the basis for such objections, identify the specific portions of the Report and Recommendation objected to, and cite to the relevant portions of the record which support the objections. *See* Fed. R. Civ. P. 72; *Thompson*, 897 F.2d at 357. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985). The objecting party promptly must arrange for the transcript of all portions of the record needed by the District Judge to rule on the objections.

IT IS SO ORDERED.

Dated September 13, 2024.

                                                             William P. Kelly
                                                          U.S. Magistrate Judge